**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                          **CRIMINAL ACTION NO. 4:06CR65**

**KAY L. TERRY**

**ORDER**

This cause is before the Court on the defendant's Motion to Dismiss Indictment and Suppress Evidence [29]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The defendant's motion urges that the indictment fails to state the necessary elements of the crime as required by 18 U.S.C. § 1029(a)(2). The statute merely requires the government to prove that the defendant "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period." The indictment sufficiently charges each essential element of the offense and includes identifying information regarding the amount defrauded, the time of the alleged acts, the name and location of the access device and the defendant's mental state. The Court therefore finds the indictment sufficient.

As a further matter, the defendant seeks the suppression of any acts committed outside the five year statute of limitation prescribed by 18 U.S.C. § 3282. Upon review of the government's response, the Court is persuaded that the statute of limitations is no obstacle to the admissibility of illegal activity which occurred more than five years ago. Where acts constitute part of a single chain

of events, e.g., a continuing offense, the statute of limitations begins to run from the occurrence of the most recent act or when the conduct in question terminated. U.S. v. Santana-Castellano, 74 F.3d 593 (5th Cir. 1996). See also U.S. v. Rana, 129 Fed. Appx. 890 (5th Cir. 2005).

Finally, the defendant seeks the exclusion of any evidence not disclosed pursuant to F.R.Cr.P. 16(a). The government's response offers appropriate assurance that it is in compliance with the applicable rules of discovery.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Dismiss Indictment and Suppress Evidence [29] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE