# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**                                                                 **CRIMINAL ACTION NO. 4:06CR65**

**KAY L. TERRY**

### ORDER

This cause is before the Court on the defendant's Motion to Suppress [27]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The indictment charges defendant with unauthorized use of access devices, in particular a Citibank Credit Card, between September 1, 2000 and May 31, 2004. Defendant's motion seeks the exclusion of evidence relating to her use of an American Express card in the commission of the charged offense. She urges that the evidence in question is improper under Federal Rules of Evidence 401, 403 and 404(b) and constitutes a variance from the indictment.

The government's response in opposition to the instant motion is simple. Defendant's use of the American Express card is relevant to the offense charged because the defendant used the American Express card to pay outstanding bills on the unauthorized Citibank card. Accordingly, her usage of the American Express card was not an extrinsic act as contemplated by F.R.E. 404(b), but was instead contemporaneous and intrinsic to the use of the unauthorized card. U.S. v. Williams, 900 F.2d 823 (5th Cir. 1990). As a further matter, the government avers that evidence of Terry's use of the American Express card would be admissible even under the 404(b) to prove opportunity and

knowledge for purposes of the charged offense. The evidence in question is probative on the issues of defendant's opportunity to use unauthorized access devices and her knowledge of how to obtain and use unauthorized credit cards.

After review of the applicable rules of evidence and the decisional law, the Court concludes that the evidence meets the test for relevance under F.R.E. 401 and that it is admissible regardless of its characterization as intrinsic or extrinsic because of its probative value in establishing opportunity and knowledge under F.R.E. 404(b). Finally, the Court finds that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence in question.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Suppress [27] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE